## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ANTHONY WEATHERSPOON**
    **Petitioner-defendant,**

  v.                                                       **Case No. 16-C-900**
                                                             **(Criminal Case No. 13-CR-87)**

**UNITED STATES OF AMERICA**
    **Respondent-plaintiff.**

---

### ORDER

On October 18, 2013, petitioner Anthony Weatherspoon pleaded guilty to bank robbery, contrary to 18 U.S.C. § 2113(a). At his March 14, 2014, sentencing hearing, without objection, I adopted the guideline calculations in the pre-sentence report ("PSR"): base offense level 20, U.S.S.G. § 2B3.1(a); plus 2 because the property of a financial institution was taken, § 2B3.1(b)(1); plus 3 because a dangerous weapon was brandished or possessed, § 2B3.1(b)(2)(E); plus 2 because a person was restrained, § 2B3.1(b)(4)(B); and minus 3 for acceptance of responsibility, U.S.S.G. § 3E1.1, producing a final offense level of 24. The PSR set the criminal history category at III, producing a guideline range of 63-78 months. On consideration of the factors under 18 U.S.C. § 3553(a), I imposed a sentence of 72 months' imprisonment. Petitioner took no direct appeal.

On April 29, 2016, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, seeking to raise a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). On May 4, 2016, I denied that motion. Petitioner again did not appeal. On July 11, 2016, petitioner filed another § 2255 motion, this time arguing that the court erred in imposing the enhancement for possession of a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(E).

Section 2255(h) forbids a prisoner to file a second or subsequent collateral attack without first obtaining permission from the court of appeals. Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007). The district court must dismiss for lack of jurisdiction a successive motion filed without appellate permission. Id. at 605.

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **DISMISSED.**[1] The Clerk shall enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] I decline to transfer the motion to the court of appeals. See United States v. Coleman, 763 F.3d 706, 708 (7th Cir. 2014) (noting that guideline errors generally are not cognizable under § 2255), cert. denied, 135 S. Ct. 1574 (2015); see also United States v. Stitman, 472 F.3d 983, 987-88 (7th Cir. 2007) (imposing U.S.S.G. § 2B3.1(b)(2)(E) enhancement on similar facts). The PSR recommended the enhancement based on the objective impression created by defendant's conduct, not merely the subjective belief of the teller. (See PSR ¶ 27; see also Sen. Hr'g Tr. [R. 21] at 21.)

2